**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | 3:23-CV-853 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, SUBSCRIBER ASSIGNED | ) | |
| IP ADDRESS 98.216.200.3, | ) | July 27, 2023 |
| *Defendant*. | ) | |
| | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

In this copyright infringement action, Plaintiff Strike 3 Holdings, LLC has filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. ECF No. 9. Plaintiff alleges copyright infringement by an unknown individual utilizing a known Internet Protocol ("IP") address. Because Plaintiff claims it cannot otherwise ascertain the individual's identity, Plaintiff seeks a court order granting Plaintiff leave to serve a third-party subpoena on Comcast Cable, the Internet Service Provider for the known IP address, prior to a conference between the parties as required by Federal Rule of Civil Procedure 26(f). Specifically, Plaintiff seeks to serve a subpoena commanding Comcast Cable to provide to Plaintiff the name and address of the person assigned to the IP address 98.216.200.3.[1] The Court GRANTS Plaintiff's motion, subject to the limitations and protective order described below.

---

[1] Plaintiff's motion does not specify that it will seek disclosure of the subscriber assigned to IP address 98.216.200.3 only at the specific dates and times on which the allegedly copyrighted files were distributed by the unknown Defendant. As discussed below, the Court orders that the subpoena be limited in this manner.

## I.    BACKGROUND

Plaintiff is the owner of various adult films distributed through DVDs and adult websites. Compl., ECF No. 1, ¶¶ 2–3.  Plaintiff alleges that Defendant, styled John Doe and identified only by assigned IP address 98.216.200.3, has been committing copyright infringement.  *Id.* ¶¶ 4–5, 12. Specifically, Plaintiff alleges that Defendant has used BitTorrent, "a system designed to quickly distribute large files over the Internet," to copy and distribute twenty-four of Plaintiff's films in violation of the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*  Compl. ¶¶ 5–6, 17, 28; *id.* Ex. A, ECF No. 1-1 (list of works infringed).

Plaintiff alleges that it utilized geolocation technology to locate the physical address associated with Defendant's IP address within the District of Connecticut.  *Id.* ¶ 9.  Plaintiff further alleges that it owns and operates an infringement detection system, which identified and downloaded certain BitTorrent files created by the unknown Defendant.  *Id.* ¶¶ 27–35.  Plaintiff then verified that those files contained digital copies of motion pictures that are "identical (or, alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted [w]orks."  *Id.* ¶ 34.  Accordingly, Plaintiff brought a one-count complaint of copyright infringement against the unknown Defendant.  *Id.* ¶ 46.  Although Plaintiff cannot serve the unknown Defendant with the complaint because it cannot identify Defendant beyond his or her IP address, Plaintiff alleges that Defendant's Internet Service Provider, Comcast Cable, can identify Defendant through Defendant's IP address.  *Id.* ¶ 5.

After filing its complaint, Plaintiff filed a motion to serve a third-party subpoena prior to a Rule 26(f) conference.  ECF No. 9.  Specifically, Plaintiff requests leave to serve a subpoena on Comcast Cable, Defendant's Internet Service Provider, requiring Comcast to disclose the personal identifying information associated with Defendant's IP address so that Plaintiff can "learn

Defendant's identity, investigate Defendant's role in the infringement, and effectuate service."
Mem. in Supp. of Mot. for Leave to Serve Subpoena, ECF No. 10, at 5–6.

## II.    LEGAL STANDARD

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides, in relevant part:  "A party
may not seek discovery from any source before the parties have conferred as required by Rule
26(f), except . . . by court order."  "When considering whether to grant a motion for expedited
discovery prior to a Rule 26(f) conference, courts apply a flexible standard of reasonableness and
good cause." *Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *2
(D. Conn. Nov. 1, 2017).

The Second Circuit has adopted a five-part test for determining whether to grant a motion
to quash a subpoena to preserve the objecting party's anonymity, which district courts in this
Circuit have applied in determining whether good cause exists to grant a motion for expedited
discovery to ascertain the identity of an unknown defendant.  *Arista Records, LLC v. Doe 3*, 604
F.3d 110, 119 (2d Cir. 2010) (adopting test from *Sony Music Entertainment Inc. v. Does 1-40*, 326
F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)); *Strike 3 Holdings*, 2017 WL 5001474, at *2.  The
factors in the five-part test include:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of
> actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence
> of alternative means to obtain the subpoenaed information, . . . (4) [the] need for
> the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's
> expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d at 119 (alterations in original) (citation omitted).  "If
[a]pplication of these principal factors confirms that the Plaintiff is entitled to the requested
subpoena, the motion for early discovery will be granted for good cause." *Strike 3 Holdings*, 2017
WL 5001474, at *2 (alteration in original) (citation and quotation marks omitted).

Moreover, if the service provider against whom the plaintiff seeks to serve the subpoena qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), the Court generally must issue a protective order requiring the service provider to comport with cable operator disclosure laws. Specifically, 47 U.S.C. § 551(c) prohibits a cable operator from disclosing personally identifiable information concerning any subscriber without consent. However, § 551(c)(2)(B) permits a cable operator to disclose such information "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" Accordingly, a court that grants a motion to serve a third-party subpoena on a qualifying service provider prior to a Rule 26(f) conference generally must also order the service provider to issue a notice to the subscriber informing the subscriber of the court's order and providing the subscriber an opportunity to contest the subpoena. *See, e.g.*, *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242–43, 244 (S.D.N.Y. 2012); *Strike 3 Holdings*, 2017 WL 5001474, at *6–7; *Strike 3 Holdings, LLC v. Doe*, No. 3:21-CV-106-VLB, 2021 WL 6932974, at *2, *4 (D. Conn. Feb. 18, 2021); Order at 2, *Strike 3 Holdings, LLC v. Doe*, No. 3:21-cv-865-JAM (D. Conn. July 2, 2021), ECF No. 9.

### III.   DISCUSSION

The Court addresses each of the *Sony Music/Arista Records* factors in turn and, ultimately, grants Plaintiff's motion, subject to certain limitations and the protective order described below.

The first factor requires Plaintiff to show a *prima facie* case of copyright infringement. *Strike 3 Holdings*, 2017 WL 5001474, at *2. Specifically, Plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has alleged that it owns the twenty-four works at issue, all of which were distributed through Plaintiff's adult website brands *Tushy*, *Tushy Raw*, *Blacked*, *Blacked Raw*, *Slayed*, or *Vixen*. Compl. Ex. A (list of works

infringed); Mem. in Supp. of Mot. for Leave to Serve Subpoena, Ex. A, ECF No. 10-1, ¶ 13. Plaintiff has also demonstrated that the works are registered with the United States Copyright Office by providing the registration number corresponding with each work.  Compl. Ex. A.

In addition, Plaintiff has made a plausible showing that wrongful "copying," namely, infringement of various exclusive rights it holds as the copyright owner of the works under 17 U.S.C. § 106, has occurred.  "A plaintiff makes a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement." *Strike 3 Holdings*, 2017 WL 5001474, at *3 (internal quotation marks omitted) (quoting *Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS) (SIL), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016)).  Specifically, Plaintiff has alleged that its copyright detection system identified copyrighted titles within torrent websites and recorded infringing BitTorrent transactions and associated metadata in packet capture files.  Mem. in Supp. of Mot. for Leave to Serve Subpoena, Ex. A, ECF No. 10-1, ¶¶ 40, 44–45, 58–59.  Plaintiff's retained network analyst attests that the packet capture indicates that the IP address at issue in this case engaged in the copyright infringement BitTorrent transactions.  Mem. in Supp. of Mot. for Leave to Serve Subpoena, Ex. B, ECF No. 10-2, ¶ 26.  Finally, Plaintiff's employee attests that she has reviewed Plaintiff's copyrighted films side-by-side with the digital files transmitted in the BitTorrent transactions and found that each torrented file is "identical, strikingly similar, or substantially similar to the original work[.]"  Mem. in Supp. of Mot. for Leave to Serve Subpoena, Ex. C, ECF No. 10-3, ¶ 11.  Accordingly, under these circumstances, Plaintiff has stated a *prima facie* case for copyright infringement.

The second factor, which requires a plaintiff to "narrowly tailor and specify the information sought by the discovery request," likewise weighs in favor of finding good cause to grant Plaintiff's motion. *See Strike 3 Holdings*, 2017 WL 5001474, at \*3. This factor ensures "a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon [the defendant]." *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d at 566. Plaintiff seeks only the name and address of the subscriber associated with Defendant's IP address, which is "highly specific" information. *Strike 3 Holdings*, 2017 WL 5001474, at \*3 (citation and internal quotation marks omitted); Mem. in Supp. of Mot. for Leave to Serve Subpoena, ECF No. 10, at 10–11. As noted below, the subpoena should request identification of the subscriber of the IP address as to only those dates and times at which the copyrighted files were allegedly distributed by Defendant.

The third factor, which requires that a plaintiff lack alternative means to obtain the information, also weighs in favor of granting Plaintiff's motion. As in many cases involving copyright infringement resulting from illegal BitTorrent downloading, the only information Plaintiff has regarding Defendant is their IP address. *See, e.g.*, *Strike 3 Holdings*, 2017 WL 5001474, at \*4 ("Because there is no public registry to provide the names of subscribers and their corresponding IP addresses, there is no alternate means by which Plaintiff can identify [the Defendant] absent the present subpoena." (alteration in original) (citation and internal quotation marks omitted)); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. at 241–42 ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers."); Mem. in Supp. of Mot. for Leave to Serve Subpoena, ECF No. 10, at 11–12. Indeed, Plaintiff's retained network analyst attested that Defendant's Internet Service Provider "is

the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned" the IP address at issue.  Mem. in Supp. of Mot. for Leave to Serve Subpoena, Ex. B, ECF No. 10-2, ¶ 28.

The fourth factor, which considers the plaintiff's "need for the subpoenaed information to advance the claim," also weighs in favor of granting Plaintiff's motion.  *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d at 565.  As Plaintiff contends, ascertaining the identity and residence of Defendant "is critical to [Plaintiff's] ability to pursue litigation, for without this information, [Plaintiff] will be unable to serve process."  *Id.* at 566.  *See also Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) ("Because learning the true identities of the pseudonymous individuals alleged to have violated Plaintiffs' copyrights is essential to their prosecution of this litigation, Plaintiffs have demonstrated their need for expedited discovery."); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. at 241–42 ("Thus, without granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed.").

The fifth and final factor, which considers Defendant's expectation of privacy, also weighs in favor of granting Plaintiff's motion.  A cable or internet subscriber has only a "minimal expectation of privacy" with respect to the information the subscriber conveys to the service provider, such as the subscriber's IP address and identity.  *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d at 566.  *See also Carpenter v. United States*, 138 S. Ct. 2206, 2219 (2018) (noting that, under the "third-party doctrine" in the Fourth Amendment context, "an individual has a reduced expectation of privacy in information knowingly shared with another"); *Strike 3 Holdings*, 2017 WL 5001474, at *5 (noting that there is no expectation of privacy in subscriber information disclosed to an Internet Service Provider, such as an IP address and the subscriber's identity, because such information is "voluntarily conveyed" to the third party Internet Service Provider).

Moreover, the Second Circuit has held that a defendant's "expectation of privacy for sharing copyrighted [material] through an online file-sharing network" is "simply insufficient to permit [them] to avoid having to defend against a claim of copyright infringement." *Arista Records, LLC v. Doe 3*, 604 F.3d at 124. *See also Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d at 566 (noting that "defendants have little expectation of privacy in downloading and distributing copyrighted [material] without permission").

Some courts have noted that an unidentified defendant might have a heightened privacy interest in a context involving allegedly infringed adult copyrighted content, because of the potential for a "false positive" circumstance, in which an identified subscriber shares a device or IP address with the actual infringer. Such a false positive could result in unwarranted embarrassment. *See, e.g.*, *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. at 242; *Strike 3 Holdings*, 2021 WL 6932974, at *3. Although this potential heightened privacy interest does not outweigh the other factors, the Court's protective order provides the unknown Defendant, once identified, an opportunity to raise any such issue with the Court.

Therefore, after considering all the factors set forth in *Sony Music* and adopted by the Second Circuit in *Arista Records*, the Court finds that good cause exists to grant Plaintiff leave to serve a subpoena on Defendant's Internet Service Provider prior to the Rule 26(f) conference.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 9) for the purpose of determining the identity of the alleged infringer, Defendant Doe. The Court further ORDERS as follows:

1. Plaintiff may immediately serve the Internet Service Provider, Comcast Cable, with a Rule 45 subpoena to obtain the name and address of the subscriber to whom the provider assigned the IP address 98.216.200.3 on the dates and times set forth in the "UTC" column of Attachment A to the Complaint (ECF No. 1-1).  Plaintiff shall attach a copy of this Order to any such subpoena.

2. The Court recognizes Defendant's potential heightened privacy interest given the mature nature of the allegedly infringed material, as well as the potential application of 47 U.S.C. § 551(c)(2)(B).  **Accordingly, the Internet Service Provider, Comcast Cable, shall have thirty days from the date of service of the Rule 45 subpoena upon it to serve the subscriber(s) associated with IP address 98.216.200.3 during the identified time periods with a copy of the subpoena and a copy of this Order.**  The Internet Service Provider may serve such subscriber(s) using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

3. **Any subscriber served with the subpoena and Order shall have thirty days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court to contest the subpoena,** as well as a motion to request to litigate the subpoena anonymously.  The Internet Service Provider *shall not* disclose the subscriber's identifying information to Plaintiff before expiration of this thirty-day period.  If the subscriber contests the subpoena within this thirty-day period, it shall so notify the Internet Service Provider, which shall then not disclose the subscriber's identifying information to Plaintiff.  After resolution of any motion relating to the subpoena, the Court will instruct the Internet Service Provider when it may, if ever,

disclose the requested discovery to Plaintiff.   The Internet Service Provider shall preserve any subpoenaed information pending resolution of any timely-filed motion to quash.

4. If the subscriber does not contest the subpoena within thirty days after the date of service of the Rule 45 subpoena and this Order upon them, **the Internet Service Provider shall have ten days to disclose the information responsive to the subpoena to Plaintiff.**

5. Plaintiff may use the information disclosed by the Internet Service Provider pursuant to this Order, namely, the subscriber's name and address, only for the purpose of protecting Plaintiff's rights under its copyright, as set forth in its Complaint.

**SO ORDERED** at Hartford, Connecticut, this 27th day of July, 2023.

_____/s/_____
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE
